FILED

2013 Jul-08  PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **BARRY HARVILLE; ANITA HARVILLE,** | } | |
| | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | **Case No.:  2:13-CV-01150-RDP** |
| **v.** | } | |
| | } | |
| **NATIONWIDE,** | } | |
| | } | |
| **Defendant.** | } | |

## <u>MEMORANDUM OPINION</u>

This matter was removed to this court on June 18, 2013 by Defendant Nationwide Mutual Fire Insurance Company.  (Doc. # 1).  The matter is before the court on Plaintiffs' Motion to Remand (Doc. # 2), filed June 18, 2013.  The motion has been fully briefed.  (Docs. # 6 and 7).

Plaintiff's Complaint was filed in the Circuit Court of Jefferson County, Alabama.  (Doc. # 1 at 8).  Plaintiff's Complaint names "Nationwide" as Defendant.  (Doc. # 1 at 8).  Defendant was served on March 11, 2013.  (Case No. 68-CV-2013-900162.00, Circuit Court of Jefferson County, Alabama).

On April 12, 2013, Defendant "Nationwide" filed a Motion for More Definite Statement in the Circuit Court of Jefferson County, Alabama.  (Doc. # 1 at 33).  Thereafter, on May 14, 2013, Defendant "Nationwide" filed both an Answer and a Motion for Judgment on the Pleadings.  (Doc. # 1 at 19, 27).  The following week, Defendant "Nationwide" filed and served discovery on Plaintiffs.  (Doc. # 1 at 52).

In all of these pleadings and filings, Defendant "Nationwide" was represented by attorney Kori Clement.  Now, however, Ms. Clement, on behalf of Defendant Nationwide Mutual Fire

Insurance Company, asserts that the party on whose behalf she filed multiple pleadings, is "non-existent."  (Doc. # 6 at 4).  Although it is a common enough practice in this district to do so, Defendant "Nationwide" did not in any of its papers plead or file on behalf of the "correct" party while stating that it was "improperly named in the complaint as" Nationwide.

On June 13, 2013, Plaintiff filed a Notice of Substitution of Real Party In Interest seeking to substitute Defendant Nationwide Mutual Fire Insurance for Defendant "Nationwide."  (Doc. # 6 at ¶ 8).  On June 17, 2013, Defendant "Nationwide" filed a Motion to Dismiss or Strike Notice of Substitution.  (Doc. # 6 at ¶ 10).  On June 18, 2013, Defendant Nationwide Mutual Fire Insurance filed a Notice of Removal.  (Doc. # 1).

Defendant Nationwide Mutual Fire Insurance Company asserts that the June 18, 2013, removal is timely based on the June 13, 2013, Notice of Substitution of Real Party In Interest.  (Doc. # 6).  It claims that no service was ever attempted on Defendant Nationwide Mutual Fire Insurance. (Doc. # 6 at p. 4).  It further contends that Defendant Nationwide Mutual Fire Insurance did not waive its right to removal.   (Doc. # 6 at p. 4).

The court finds that Defendant Nationwide Mutual Fire Insurance Company and its attorney were fully aware of the Complaint in this action and that Nationwide Mutual Fire Insurance Company was the proper Defendant in this action as of, at the latest, April 12, 2013, the date that Defendant "Nationwide's" Motion for More Definite Statement was filed.  (Doc. # 1 at 33).  Perhaps Ms. Clement was actively defending an action in April and May 2013 on behalf of a non-existent entity that never retained her services—but the court seriously doubts that.  (*See* Doc. # 1 at  p. 1, "There is no such entity as 'Nationwide.'").  Removal must be based upon the court's removal jurisdiction, not gamesmanship.

2

Even more to the point, a removing defendant must establish the propriety of removal under 28 U.S.C. § 1441 and, therefore, must establish the existence of federal jurisdiction. See *Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005) ("[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists.") (citation omitted). Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes must be construed narrowly, with all doubts resolved in favor of remand. *See University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Section 1441(a) authorizes a defendant to seek removal of a suit originally brought in state court when the federal court has diversity jurisdiction over the cause of action. 28 U.S.C. § 1441(a). Section 1446 describes the appropriate removal procedure to invoke federal jurisdiction, and requires the defendant seeking removal to file a timely notice of removal stating the grounds for removal with the appropriate federal district court. 28 U.S.C. § 1446(a).  To be timely, the notice of removal must be filed within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ... ."  28 U.S.C. § 1446(b).

Other courts have addressed this precise issue.  They have held that the proper course of action to remove a case such as this one is to file the removal petition within the initial thirty day period:

3

> When a defendant is improperly named in a civil action filed in an Alabama state court and the case is removable and the defendant desires to remove, the proper course of action to effect the removal and to correct the improper name is to timely file Notice of Removal and a 12(b)(4) or 12(b)(5) motion, Fed.R.Civ.P., in the federal district court to which his case is being removed. A defendant in these stated circumstances who desires to remove the case to federal court yet procedurally attacks in state court the failure of the plaintiff to correctly name the defendant and holds its removal effort in abeyance until the defendant is correctly identified and designated by amended complaint does so at its peril, as witness the present case.

*Brizendine v. Continental Cas. Co.*, 773 F.Supp. 313, 314 (N.D. Ala. 1991). *See also Gates v. Crescent Hotels & Resorts, LLC*, 2013 WL 3199823 *4 (S.D. Ala. 2013). A reasonable entity presented with service of the Complaint in this case would conclude from even a cursory glance at the Complaint that Plaintiffs clearly intended to sue the entity with whom they had a contract of insurance (here Defendant Nationwide Mutual Fire Insurance Company), but that they mistakenly sued the Defendant in its commonly used trade name.

Therefore, Defendant Nationwide Mutual Fire Insurance Company's Notice of Removal, which was filed over ninety days after Defendant "Nationwide" was served at is headquarters and regular business address, is untimely. Plaintiffs' Motion to Remand (Doc. # 2) is due to be granted. A separate order will be entered.

**DONE** and **ORDERED** this ___8th___ day of July, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE